U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

FEB 1 0 2015

TONY R. MOORE, CLERK
BY _____
       DEPUTY

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| Williams | Civil Action No. 13-03257 |
| versus | Judge Richard T. Haik, Sr. |
| Apache Corp., et al | Magistrate Judge C. Michael Hill |

## MEMORANDUM RULING

Before the Court is an unopposed[1] Motion For Summary Judgment filed by defendant, Apache Corporation ("Apache") [Rec. Doc. 28]. This action is the result of an alleged accident on July 7, 2013 which occurred when plaintiff, Ryan Williams, was lowered in a personnel basket transfer from the SPARTAN RIG 208, a jack-up drilling rig owned and operated by defendant Spartan Offshore Drilling, Inc., onto the deck of the M/V MISS LINDA LEE, owned and operated by defendant Starfleet Marine Transportation, Inc., where he slipped on spilled drilling and/or production gel and sustained personal injuries. Before lowering the plaintiff, the Spartan crane operator allegedly spilled a load of drilling and/or production gel onto the vessel's deck. Spartan roustabouts allegedly tried, but failed, to properly clean up the spilled product. At the time of the alleged accident Apache was conducting oil and gas

---

[1] Pursuant to Local Rule L.R. 7.5W, the deadline for filing any opposition to Apache's motion was February 7, 2015. *LR. 7.5.* On February 3, 2015, counsel for plaintiff notified the Court that he would not oppose the motion.

operations on its fixed platform on the Outer Continental Shelf off Louisiana's coast which involved the use of the SPARTAN RIG 208 and the M/V MISS LINDA LEE. Plaintiff was the employee of an Apache independent contractor, Cameron International Corporation.

Plaintiff alleges that Apache was negligent in not ensuring that the spilled gel was cleaned up before he was lowered to the deck, by not having the crane operator lower the personnel to a different area of the vessel, by not spreading non-skid silicon on the deck, and/or by not waiting until daylight hours to conduct the transfer. *R. 1, ¶ VIII*. Apache moves for summary judgment asserting that it owed no duty to plaintiff under the facts of this case and, therefore, could not have breached any duty to plaintiff. Rather, Apache asserts the incident in question was allegedly caused by the negligence of parties for whom Apache is not responsible and for whom Apache had no duty to supervise. Plaintiff does not oppose the motion.

The fact that a motion is unopposed does not necessarily mean the movant should prevail on the merits. "A motion for summary judgment cannot be granted simply because there is no opposition, even if failure to oppose violated a local rule. The movant has the burden of establishing the absence of a genuine issue of material fact and, unless he has done so, the court may not grant the motion, regardless of whether any response was filed." *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362

2

(5th Cir. 1995). However, failure to file an opposition and statement of contested material facts requires the Court to deem the movant's statements of uncontested material facts admitted for purposes of the motion. *Local Rule, LR 56.2W.*

Based on Apache's Statement of Undisputed Material Facts, *R. 28-1,* as well as the relevant jurisprudence, the Court finds that Apache's Motion For Summary Judgment should be granted.

_____
Richard T. Haik, Sr.